PROB 12C  
(6/16)

Report Date: February 25, 2020

# United States District Court

### for the

### Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 25, 2020

SEAN F. McAVOY, CLERK

### Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: Brandon Christopher Rogers         Case Number: 0980 4:18CR06040-SMJ-1

Address of Offender:                                  , Kennewick, Washington 99336

Name of Sentencing Judicial Officer:  The Honorable Michael W. Mosman, U.S. District Judge  
Name of Supervising Judicial Officer: The Honorable Salvador Mendoza, Jr., U.S. District Judge

Date of Original Sentence: December 17, 2012

Original Offense:      Felon in Possession of a Firearm, 18 U.S.C. § 922(g)(1)

Original Sentence:     Prison - 66 months            Type of Supervision: Supervised Release  
                       TSR - 36 months

Asst. U.S. Attorney:   To Be Determined              Date Supervision Commenced: October 5, 2017

Defense Attorney:      To Be Determined              Date Supervision Expires: October 4, 2020

---

### PETITIONING THE COURT

To issue a summons.

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **Standard Condition # 4**: If the defendant illegally uses drugs or abuses alcohol, has a history of drug or alcohol abuse, or drug use or possession is determined to be an element of the defendant's criminal history or instant offense, the defendant shall participate in a substance abuse treatment program as directed by the probation officer which may include urinalysis testing to determine if the defendant has used drugs or alcohol. In addition to urinalysis testing that may be part of a formal drug treatment program, the defendant shall submit up to eight (8) urinalysis tests per month.<br><br>**Supporting Evidence**: Mr. Rogers is considered to be in violation of his conditions of supervised release by failing to attend a random urinalysis test at Merit Resource Services on January 13, 2020.<br><br>Mr. Rogers' conditions of supervised release were reviewed with him on October 11, 2017, and again on May 29, 2018. He signed a copy of his conditions on both dates, acknowledging an understanding of his conditions of supervised release, to include standard condition number 4, as noted above. A copy of his signed conditions form was provided to him. |

Mr. Rogers was placed on the urinalysis colorline at Merit Resource Services (Merit) on December 3, 2019. He was placed on the color "gold" and directed to call the colorline daily and report to Merit's office when the color "gold" is called.

The undersigned officer was provided notice from Merit on January 14, 2020, advising the color "gold" was called on January 13, 2020. Mr. Rogers did not present himself for a urinalysis test on this date.

2 **Standard Condition # 14**: The defendant shall not knowingly associate with any persons engaged in criminal activity, and shall not knowingly associate with any person convicted of a felony, unless granted permission to do so by the probation officer.

**Supporting Evidence**: Mr. Rogers is considered to be in violation of his conditions of supervised release by knowingly associating with a person convicted of a felony, Adrienne Brown, without permission of the probation officer, on and before February 18, 2020.

Mr. Rogers' conditions of supervised release were reviewed with him on October 11, 2017, and again on May 29, 2018. He signed a copy of his conditions on both dates, acknowledging an understanding of his conditions of supervised release, to include standard condition number 14, as noted above. A copy of his signed conditions form was provided to him.

On September 24, 2019, the undersigned officer was contacted by a Washington State Department (DOC) of Corrections Community Corrections Officer advising that Mr. Rogers was contacted by DOC with Ms. Brown, who DOC was actively supervising. It was noted that at that time Ms. Brown was in compliance, yet Mr. Rogers had failed to gain permission as directed.

Contact with Mr. Rogers was made on October 8, 2019, by telephone. He was asked about contact with Ms. Brown and he admitted to knowing she was a felon but forgot about his condition to obtain probation's approval to have contact with known felons, and also advised that Ms. Brown recently was in violation with DOC. The undersigned officer directed Mr. Rogers to no longer have contact with Ms. Brown due to her violation behavior.

On February 3, 2020, the undersigned officer attempted to contact Mr. Rogers at his home in Kennewick, Washington. No answer was received so contact was made with him by phone. Mr. Rogers stated he would be back home shortly, so the undersigned officer waited for him to return home. Upon his return, the doors were locked and he did not have a house key. He knocked on the door and a female let him in. Mr. Rogers identified this female as Adrienne Brown. Mr. Rogers was aware he was not given permission to have contact with her and was aware she has been convicted of a felony.

Mr. Rogers reported as directed on February 11, 2020, and was questioned regarding contact with Ms. Brown. He admitted to having phone contact with her. He was made aware this is still contact and not allowed.

Another contact with Mr. Rogers occurred on February 18, 2020, at the Richland Probation Office. He reported having contact with law enforcement the previous night but did not report anything of consequence to this contact. The undersigned officer had received a

    message from the Pasco Police Department that Mr. Rogers was in fact contacted with Ms. Brown, who was arrested for having an outstanding DOC warrant. Mr. Rogers was contacted by phone on February 19, 2020, and was provided an opportunity to be honest about his contact with Ms. Brown. Mr. Rogers then admitted to having Ms. Brown at his residence, but insisted she was just bringing him some of his belongings.

3    **Standard Condition # 4**: If the defendant illegally uses drugs or abuses alcohol, has a history of drug or alcohol abuse, or drug use or possession is determined to be an element of the defendant's criminal history or instant offense, the defendant shall participate in a substance abuse treatment program as directed by the probation officer which may include urinalysis testing to determine if the defendant has used drugs or alcohol. In addition to urinalysis testing that may be part of a formal drug treatment program, the defendant shall submit up to eight (8) urinalysis tests per month.

**Supporting Evidence**: Mr. Rogers is considered to be in violation of his conditions of supervised release by using a controlled substance, methamphetamine, on or before February 11, 2020.

Mr. Rogers' conditions of supervised release were reviewed with him on October 11, 2017, and again on May 29, 2018. He signed a copy of his conditions on both dates, acknowledging an understanding of his conditions of supervised release, to include standard condition number 4, as noted above. A copy of his signed conditions form was provided to him.

Mr. Rogers reported to the U.S. Probation Office in Richland on February 3, 2020. A urinalysis test was submitted that tested presumptive positive for methamphetamine. He admitted to the use of methamphetamine. This sample was sent to Alere Toxicology Services for confirmation. Despite the admission of drug use, the test results received on February 7, 2020, noted the sample was negative for the presence of methamphetamine.

On February 11, 2020, Mr. Rogers again reported to the Richland Probation Office. He submitted another urinalysis test that was presumptively positive for methamphetamine. Mr. Rogers signed a drug use admission form admitting his previous use of methamphetamine was on or about February 4, 2020. The sample was sent to Alere Toxicology Services for confirmation. Results were received on February 15, 2020, advising this sample was positive for the presence of methamphetamine.

The U.S. Probation Office respectfully recommends the Court issue a summons requiring the defendant to appear to answer to the allegation(s) contained in this petition.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:   02/25/2020

s/Daniel M. Manning

Daniel M. Manning
U.S. Probation Officer

Prob12C
**Re: Rogers, Brandon Christopher**
**February 25, 2020**
**Page 4**

THE COURT ORDERS

[ ]   No Action
[ ]   The Issuance of a Warrant
[✓]   The Issuance of a Summons
[ ]   Other

_____
Signature of Judicial Officer

02/25/2020
_____
Date