PROB 12C
(6/16)

Report Date: May 5, 2020

# United States District Court

for the

## Eastern District of Washington

### Petition for Warrant or Summons for Offender Under Supervision

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 06, 2020

SEAN F. McAVOY, CLERK

Name of Offender: Brandon Christopher Rogers        Case Number: 0980 4:18CR06040-SMJ-1

Address of Offender:                    , Kennewick, Washington 99336

Name of Sentencing Judicial Officer:  The Honorable Michael W. Mosman, U.S. District Judge
Name of Supervising Judicial Officer: The Honorable Salvador Mendoza, Jr., U.S. District Judge

Date of Original Sentence: December 17, 2012

Original Offense:        Felon in Possession of a Firearm, 18 U.S.C. § 922(g)(1)

Original Sentence:       Prison - 66 months              Type of Supervision: Supervised Release
                         TSR - 36 months

Asst. U.S. Attorney:     Richard Burson                  Date Supervision Commenced: October 5, 2017

Defense Attorney:        Craig D. Webster                Date Supervision Expires: October 4, 2020

## PETITIONING THE COURT

To incorporate the violation(s) contained in this petition in future proceedings with the violation(s) previously reported to the Court on 02/25/2020 and 04/28/2020.

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 6 | **Standard Condition #8**: The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer. The defendant may decline to answer inquiries if a truthful response would tend to incriminate him/her. Such a refusal to answer may constitute grounds for revocation.

**Supporting Evidence**: Mr. Rogers is considered to be in violation of supervised release by failing to follow the instructions of the probation officer by having contact with Adrienne Brown on May 5, 2020.

Mr. Rogers' conditions of supervised release were reviewed with him on October 11, 2017, and again on May 29, 2018. He signed a copy of his conditions on both dates, acknowledging an understanding of said conditions, to include standard condition number 14, as noted above. A copy of his signed conditions form was provided to him.

The probation officer instructed Mr. Rogers to not have contact with Ms. Brown on October 8, 2019, and he was again directed to not have contact with Ms. Brown on February 9, 2020. |

Prob12C
**Re: Rogers, Brandon Christopher**
**May 5, 2020**
**Page 2**

On May 5, 2020, the undersigned officer received a phone call from Adrienne Brown. She advised she had Mr. Rogers on a video conference call from the Benton County Jail as he had some questions about his current violations before the Court. Ms. Brown was advised Mr. Rogers would have to have an attorney present and that the undersigned officer would not discuss his pending violation matters without an attorney present. The undersigned officer has not given permission for Mr. Rogers to have contact with Ms. Brown.

7     **Standard Condition # 14**: The defendant shall not knowingly associate with any persons engaged in criminal activity, and shall not knowingly associate with any person convicted of a felony, unless granted permission to do so by the probation officer.

**Supporting Evidence**: Mr. Rogers is considered to be in violation of supervised release by knowingly having contact with a person convicted of a felony, Adrienne Brown, without permission of the probation officer, on May 5, 2020.

Mr. Rogers' conditions of supervised release were reviewed with him on October 11, 2017, and again on May 29, 2018. He signed a copy of his conditions on both dates, acknowledging an understanding of said conditions, to include standard condition number 14, as noted above. A copy of his signed conditions form was provided to him.

On May 5, 2020, the undersigned officer received a phone call from Adrienne Brown. She advised she had Mr. Rogers on a video conference call from the Benton County Jail as he had some questions about his current violations before the Court. Ms. Brown was advised Mr. Rogers would have to have an attorney present and that the undersigned officer would not discuss his pending violation matters without an attorney present. The undersigned officer has not given permission for Mr. Rogers to have contact with Ms. Brown.

The U.S. Probation Office respectfully recommends the Court to incorporate the violation(s) contained in this petition in future proceedings with the violation(s) previously reported to the Court.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:     05/05/2020

s/Daniel M. Manning

Daniel M. Manning
U.S. Probation Officer

Prob12C
**Re: Rogers, Brandon Christopher**
**May 5, 2020**
**Page 3**

THE COURT ORDERS

[ ]  No Action
[ ]  The Issuance of a Warrant
[ ]  The Issuance of a Summons
[✓]  The incorporation of the violation(s) contained in this petition with the other violations pending before the Court.
[ ]  Defendant to appear before the Judge assigned to the case.
[ ]  Defendant to appear before the Magistrate Judge.
[ ]  Other

_____
Signature of Judicial Officer

05/06/2020
Date